*57 OPINION.
Siefkin:
The sole question in this proceeding is whether the amounts which the petitioner credited to its two principal officers in 1920 were reasonable compensation. A total of $156,402.50 was so credited. The respondent allowed $46,255, on the ground that the remainder of the amounts credited were distributions of profits. See United States v. Philadelphia Knitting Mills Co., 273 Fed. 657; Becker Brothers v. United States, 7 Fed. (2d) 3; Goodnow & Co., 5 B. T. A. 1154.
We are satisfied that the amounts allowed as deductions by the respondent are the maximum -amounts payable by the petitioner for personal services of the officers in question in 1920. We are not prepared to go further and say that he allowed too much, as he now asserts by his claim for an increased deficiency. There is no doubt that Benjamin Mendelson and Emanuel M. Mendelson had an excellent standing in the trade in which they were engaged, but that is far from leading us to the conclusion that their services were worth the amounts deducted. It is apparent, not only from the testimony of witnesses called for the respondent, but also from evidence introduced by the petitioner, that the jump in net sales of $379,172 in 1919 to $912,750 resulted from a scarcity of paper and high prices, since the tons handled increased only from 14,782 to 16,690. The reason the petitioner credited these amounts to its two stockholders, we are convinced, lay in the stockholdings, not in the services.

Judgment will he entered for the respondent.